IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH W. JAMES,                : CIVIL NO. 3:CV-09-1820
      Petitioner     :
                         : (Judge Munley)
    v.                     :
                         :
SUPERINTENDENT, SCI,             :
HUNTINGDON AND ATTORNEY          :
GENERAL OF PENNA.,               :
      Respondents    :

## MEMORANDUM

Petitioner Kenneth W. James, a Pennsylvania state inmate currently incarcerated at the State Correctional Institution at Huntingdon, Huntingdon, Pennsylvania ("SCI-Huntingdon"), initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) He challenges his 2008 Court of Common Pleas of Lebanon County conviction for violating the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa.C.S. § 780-113 §§ 30. Doc. 9-4, at 7.) For the reasons that follow, the petition will be denied.

I.  **Background & Procedural History**

The criminal proceedings against James were limited to those conducted in the Court of Common Pleas of Lebanon County. Specifically, he was arraigned and bail was set on January 17, 2008. (Doc. 9-3, Criminal Docket, Court of Common Pleas of Lebanon County, at p. 3 ) He was released on bail on February 14, 2008. Id. He entered a plea of guilty on May 30, 2008 and, on August 20, 2008, he was sentenced to a term of imprisonment of

thirty-nine to seventy-eight months. (Id. at pp. 3, 5) At that time, he was advised of his post sentence rights, including the procedures and deadlines associated with post sentence motions and an appeal. (Doc. 9-5, at pp. 1-5.)

On September 21, 2008, James wrote a letter to the trial court essentially "praying for . . . help." (Doc. 9-9, at p. 3.) The trial judge responded by stating that, "[a]lthough your letter did not specifically ask me to do anything, I perceive that you are asking me to change the sentence I imposed on August 20. I cannot do this." (Id. at p. 1).

James took no further action in state court. He filed the petition in this court on September 22, 2009, arguing that trial counsel was ineffective for failing to have his sentence "mitigated downward" and for failing to pursue an appeal.

## II. Standards of Review

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-8; see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

Before a federal court can review the merits of a state prisoner's habeas petition, it

must determine whether the petitioner has met the requirements of exhaustion. Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). Respect for the state court system requires that the petitioner demonstrate that the claims in question have been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (citations omitted). While the petitioner need not cite "book and verse" of the federal Constitution, Picard v. Connor, 404 U.S. 270, 277 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard, 404 U.S. at 275).

The above rule requires a federal court to dismiss without prejudice habeas petitions

3

that contain any unexhausted claims. Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004). For claims that were not fairly presented to the state court, but for which "further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility." Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001). Although futile claims are deemed exhausted for federal habeas purposes, such claims are also procedurally defaulted; federal courts are not permitted to evaluate the merits of procedurally defaulted claims unless the petitioner "establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default." McCandless, 172 F.3d at 260; see also Coleman v. Thompson, 501 U.S. 722, 750-51 (1991). To demonstrate "cause" for a procedural default, the petitioner must show that " 'some objective factor external to the defense . . . impeded [his or her] efforts to comply with the [state] procedural rule.'" Leyva v. Williams, 504 F.3d 357, 366 (3d Cir.2007) (quoting Slutzker, 393 F.3d at 381); Murray v. Carrier, 477 U.S. 478, 488 (1986). The petitioner may demonstrate prejudice by establishing the existence of errors that "worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." Murray, 477 U.S. at 494. Finally, a federal court may excuse procedural default when its failure to review the claim will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 F.3d at 224. The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. " '[A]ctual innocence' means factual innocence, not

4

mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

**III. Discussion**

The sole claim of ineffective assistance of counsel raised by James is unexhausted in that it was not presented to the state courts either on direct appeal or in collateral proceedings. If he could still present these federal claims to the state courts, the petition would be dismissed without prejudice to his right to pursue the claims through a Post Conviction Relieaf Act ("PCRA") petition. However, the time for utilizing the PCRA has expired. The Pennsylvania state courts have made it clear that the time limitations set forth in the PCRA are jurisdictional. Commonwealth v. Fahy, 558 Pa. 313, 737 A.2d 214 (1999); Commonwealth v. Banks, 556 Pa. 1, 726 A.2d 374, 376 (1999); Commonwealth v. Peterkin, 554 Pa. 547, 722 A.2d 638, 641 (1998). As the Pennsylvania Supreme Court has observed, there are three narrow exceptions to the one-year time limitation for seeking PCRA relief: government misconduct, after-discovered evidence, and constitutional change. Commonwealth v. Gamboa-Taylor, 562 Pa. 70, 753 A.2d 780, 783 (Pa. 2000). See also Commonwealth v. Peterkin, 554 Pa. 547, 722 A.2d 638, 643 (Pa. 1999) (stating that "the exceptions to [PCRA] filing period encompass government misconduct, after-discovered evidence, and constitutional changes"). James does not argue that the failure to raise the claim previously was the result of interference by government officials. Nor could he argue that the facts upon which the claim is predicated were unknown and could not have been ascertained by the exercise of due diligence. The third exception is also unavailable in that

5

there is no indication that the right asserted involves the retroactive application of a constitutional right recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the fact.

However, even if a petitioner qualifies for one of these narrow exceptions, the PCRA must still be brought within sixty days. The Supreme Court noted the following:

> When a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims.

Commonwealth v. Gamboa-Taylor, 562 Pa. 70, 753 A.2d 780, 783 (Pa. 2000). James filed the petition in this court on September 22, 2009. Clearly the sixty days have since lapsed. He is therefore barred from proceeding further in state court.

Thus, exhaustion is excused but the claims are deemed procedurally defaulted. In order to have the court consider the merits of his claims, James must show "cause and prejudice" or a "fundamental miscarriage of justice" to excuse default. He has not presented any evidence of his cause for default; nor has he demonstrated that a failure to review his petition would result in a fundamental miscarriage of justice.

IV. **Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of

the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a COA.

VI.  Conclusion

In accordance with the foregoing, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated:  January 29, 2010

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH W. JAMES, : CIVIL NO. 3:CV-09-1820
        Petitioner :
: (Judge Munley)
v. :
:
SUPERINTENDENT, SCI, :
HUNTINGDON AND ATTORNEY :
GENERAL OF PENNA., :
        Respondents :

## ORDER

AND NOW, to wit, this 29th day of January 2010, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the foregoing memorandum, it is hereby ORDERED that:

1. Petitioner's petition for writ of habeas corpus is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

3. There is no basis for the issuance of a certificate of appealabilty. See 28 U.S.C. § 2253(c).

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court